SKEELE, *in equity, versus* WILLIAM T. STANWOOD, AND
HENRY J. L. STANWOOD.

The statute authority to insert a bill in equity in a writ of attachment does
not enlarge the equity jurisdiction of this Court in matters of fraud.

A bill in equity against several persons, alleging that one of them was indebt-
ed to the plaintiff, and that such debtor had, by a confederacy with the
other defendants fraudulently transferred property to them, for the purpose
of hindering the collection of the debt, cannot be sustained, unless the
indebtment had previously been established by a judgment at law.

BILL IN EQUITY, inserted in a writ of attachment.

Its allegations are, in substance as follows: —

William was a dealer in books, and was largely indebted.
Henry was his clerk, and knew of the indebtedness.

One of the debts was due to the plaintiff on notes and ac-
counts.

Under a confederacy between them to defeat the creditors,
William fraudulently conveyed his stock in trade to Henry;
for the benefit of William, who, notwithstanding the pretend-
ed sale, has since sold large quantities of the goods at auction,
intending to convert them into money and to depart with the
avails to California, out of the reach of his creditors.

The bill prays that the defendants may set forth a copy of
the conveyance from William to Henry, and all other agree-
ments, verbal or written, relating to the premises, and for
relief, &c.

The defendants demurred.

*C. L. Crosby,* in support of the demurrer.

1. This is but an action at law, in the disguise of a pro-
ceeding in equity. It is in violation of the constitution,
which ensures jury trial. 17 Maine, 404. Though the al-
leged debt be due to the plaintiff, this process cannot lie until
a judgment for it has been obtained. If there can be no
relief, there can be no discovery.

2. The discovery sought for could not be awarded, since it
would expose to the penalties of the R. S. chap. 161, sect. 2,
and 148, sect. 49.

3. For all the plaintiff's rights, he has adequate remedy at

Skeele v. Stanwood.

law. 25 Maine, 313 and 326; 28 Maine, 232; 1 Story's Eq. Juris. sect. 72.

4. There is no allegation that the facts, of which the discovery is sought, rest in the knowledge of the defendants alone; and that they are not susceptible of proof from other sources. Story's Eq. Pl. sect. 319; 25 Maine, 531 and 545.

*Fessenden*, for the plaintiff.

I. The bill is inserted in a writ of attachment agreeably to R. S. chap. 96, sect. 10, and Rule 2, Eq. Pr.; 18 Maine, 444.

The case shows the usefulness of the statute provision in a strong light.

1. It is a case of *fraud*, which in terms is within the *Equity* Jurisdiction of this Court. R. S. chap. 96, sect. 10, Art. 5. It is a mere fraudulent conveyance by one of the defendants to the other, to prevent an attachment of goods.

2. By virtue of this statute, the goods are taken into the custody of law, and the parties can have their rights adjusted without prejudice.

To decline taking jurisdiction would be to disregard the statute.

II. Courts of Equity have, from the earliest period, had *concurrent* jurisdiction with courts of law in all cases of fraud.

III. The specific remedy of an action on the case for a fraudulent conveyance, given by R. S. chap. 148, sect. 49, is merely a cumulative remedy.

It should not be construed to repeal the statute chap. 96, sect. 10, giving equity powers to this Court.

Besides, the remedy by an action on the case would be against one only of the parties to the fraud.

Such a remedy would be *inadequate* in many cases. 1st. because it deprives the plaintiff of *discovery*. 2d. because all parties in interest are not before the Court.

IV. The statute, chap. 161, sect. 2, referred to by the counsel, does not oust this Court of its jurisdiction. It only goes to the substance of the defendants' answers.

The defendants object that discovery would tend to criminate themselves. The demurrer then should have been special,

Bangor House *v.* Brown.

to that part of the bill. When a defendant cannot answer as to particular facts charged in a bill, without subjecting himself to a penalty or forfeiture, he may demur as to the discovery and answer as to the relief. *Livingston* v. *Harris*, 3 Paige, 528; *Bumpee* v. *Smith*, Wash. Ch. Rep. 327.

The demurrer is then bad in part and must be overruled. *Higinbothem v. Burnett*, 5 Johns. Ch. Rep. 407; 6 Paige, 570; 1 Johns. Ch. R. 57; 11 Paige, 414; 1 Com. 222; Har. Ch. R. 247; Walk. Ch. R. 28; 3 Iredell's Eq. 338.

TENNEY, J., orally. — The object of the bill is to obtain payment of a debt, said to be due from one of the defendants. Whether he was indebted, was a question upon which he has the right to a jury trial. If by a judgment at law, the indebtment had been fixed, equity might interpose a relief against the alleged fraud. Here has been no judgment. The debt may or may not be due. It may be that no judgment can be obtained; and if a judgment be obtained, it may be enforced in the common mode, from property in possession of the debtor. Although property is alleged to have been fraudulently transferred, it is not stated that the debtor has not other property sufficient to pay his indebtment to the plaintiff. It may be voluntarily paid.

The statute authority to insert a bill in equity, into a writ of attachment, gives no jurisdiction in equity, before the obtainment of a judgment. The attachment may be intended to respond the decree.                                *Demurrer allowed.*

*Bill dismissed.*